SO ORDERED.

Dated: May 26, 2020

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | ) | Chapter 7 Proceedings |
|---|---|---|
| ROBERT ALLEN WOLLNER, | ) | Case No.: 2:20-bk-00841-DPC |
| Debtor. | ) | Adversary No.: 2:20-ap-00045-DPC |
| ROBERT ALLEN WOLLNER, | ) | ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING |
| Plaintiff, | ) | |
| v. | ) | [NOT FOR PUBLICATION] |
| SPANISH HILLS CONDOMINIUM ASSOCIATION, | ) | |
| Defendant. | ) | |

Before this Court is Spanish Hills Condominium Association's ("Defendant" or "HOA") Motion to Dismiss Adversary Proceeding[1] ("Motion to Dismiss") which argues that Robert Allen Wollner's ("Plaintiff") Motion to Discharge Debts in the Amount of $419.00 and Discharge the Judgment from the HOA ("Complaint") should be dismissed because his claims have already been adjudicated in state court. Plaintiff filed his response[2] ("Response"), to which the Defendant Replied[3] ("Reply"). After considering the parties' briefs and hearing oral argument, this Court now grants Defendant's Motion to Dismiss based on res judicata and the *Rooker-Feldman* doctrine.[4]

---

[1] DE 24. "DE" references a docket entry in this adversary proceeding 2:20-ap-00045-DPC ("Adversary Proceeding").

[2] DE 26.

[3] DE 30.

[4] Ten days after the oral argument on the Motion to Dismiss, Plaintiff filed a motion (DE 41) seeking time to hire an attorney to represent him in this Adversary Proceeding. He also added language to that motion restating his prior arguments to the Motion to Dismiss. The Court denied that motion (DE 42).

1

**I. BACKGROUND**

  A. Procedural Background

On January 24, 2020, Plaintiff filed this chapter 7 bankruptcy petition in the United States Bankruptcy Court District of Arizona.[5] Plaintiff's schedules and statements disclose one secured creditor, Defendant, holding a disputed secured claim in the amount of $75,000[6] against the Plaintiff's residence at 2423 E. Tracy Lane, Phoenix, Arizona 85032 (the "Property") valued at $85,000. On May 12, 2020, the chapter 7 trustee, David M. Reaves ("Trustee") filed a Notice to Abandon the Property.[7]

The deadline for objecting to Debtor's discharge was May 1, 2020. On March 27, 2020, this Court entered an Order Extending Deadlines Under FRBP 4004, 4007(c) and 1017(e) that extended the deadline to file a complaint objecting to discharge to sixty days from the date of the continued 341 meeting.[8] The extended deadline for objecting to Debtor's discharge is June 22, 2020.[9]

Plaintiff initiated this Adversary Proceeding by filing his Complaint.[10] Plaintiff failed to properly label the Complaint and sought relief typically only available in an adversary proceeding.[11] Based on the relief sought and Plaintiff's characterization of the Complaint, this Adversary Proceeding was commenced, the Complaint docketed and summons issued. Plaintiff subsequently filed an Amendment to the Complaint ("Amended Complaint").[12] Defendant later filed its answer to the Amended Complaint ("Answer").[13] Plaintiff filed a motion entitled "Motion to Discharge Debts not owed and Discharge the judgment from the HOA"[14] (the "Discharge Motion") as well as a reply to Defendant's

---

[5] Administrative DE 1. "Administrative DE" references a docket entry in the administrative bankruptcy case 2:20-bk-00841-DPC.
[6] Administrative DE 13 at page 27, Schedule D.
[7] Administrative DE 27.
[8] Administrative DE 22.
[9] Debtor's § 341 meeting was held on April 22, 2020 and Debtor's attendance was not required. See Administrative DE 24.
[10] DE 1.
[11] The Court also notes that the fee typically required for initiating an adversary proceeding was either not required or deferred. See docket text for DE 1.
[12] DE 10.
[13] DE 16.
[14] DE 18.

2

Answer.[15] Defendant then filed its response[16] to the Discharge Motion as well as its Motion to Dismiss.[17] On May 11, 2020, this Court held a hearing on Defendant's Motion to Dismiss. Both parties were given a full opportunity to argue their positions.

### B. Factual Background

On July 25, 2012, Plaintiff took title to the Property via quit claim deed. On March 20, 2018, the Arizona Superior Court, Maricopa County ("Superior Court") issued an under advisement ruling ("Superior Court Ruling") following a trial of claims between Plaintiff and Defendant. The Superior Court Ruling made twelve findings of fact including that Plaintiff failed to pay to Defendant the HOA's assessments between the months of July 2014 and January 2015 and failed to pay a special assessment imposed beginning in November 2016. The Superior Court Ruling further made seven conclusions of law including that Defendant's statutory lien pursuant to A.R.S. § 33-1256(A) was perfected by recordation of a declaration and was eligible for foreclosure because Plaintiff had been delinquent in payment of assessments for more than one year. The Superior Court Ruling also determined that Plaintiff's delinquency was in the amount of $23,489.44. On May 15, 2018, the Superior Court entered a Judgment on Foreclosure ("Foreclosure Judgment") and found an indebtedness due and owing to Defendant from Plaintiff and awarded Defendant interest at $4.42 per diem, costs in the amount of $1,322.55 and attorneys' fees in the amount of $24,165. The total amount awarded to Defendant by the Superior Court was $47,654.44.

Plaintiff appealed the Foreclosure Judgment. On February 19, 2019, the Arizona Court of Appeals, Division One affirmed the Superior Court Ruling and the Foreclosure Judgment. The Court of Appeals also awarded Defendant attorneys' fees and costs incurred on appeal in the total amount of $8,807.10. Defendant avowed to this Court that

---

[15] DE 20.
[16] DE 23.
[17] DE 24.

the Arizona Supreme Court denied Plaintiff's petition to appeal. Following his appeals, the total amount Plaintiff owed Defendant was $57,784.09.

In Plaintiff's various filings before this Court he argues that the Superior Court Ruling was incorrect because Defendant failed to prove when the original HOA assessment was incurred or that Plaintiff failed to pay any assessment. Plaintiff then claims that because the Superior Court Ruling was incorrect, the resulting Foreclosure Judgment is invalid. Plaintiff also asserts that Defendant's claim for the original HOA assessment will be discharged in his bankruptcy and that this provides additional grounds for discharging the Foreclosure Judgment. Plaintiff repeatedly argues that a bankruptcy court is the only appropriate venue to determine whether any of Defendant's claims against Plaintiff are valid claims. Additionally, Plaintiff appears to argue that the Foreclosure Judgment cannot stand because the HOA's assessments against the Property will be discharged. He further suggests that Defendant's lien will be avoided by his bankruptcy discharge.

Plaintiff also relies on the Fair Debt Collection Practices Act for the argument that a creditor like the HOA is obligated to substantiate and validate any debt. Plaintiff argues that Defendant is unable to substantiate its original assessment claim and, therefore, the resulting Foreclosure Judgment is invalid. Plaintiff asks this Court to discharge the original assessment debt and then discharge any previously entered judgments which are based on the discharged assessments. Although Plaintiff's Complaint did not expressly include a claim under the Fair Debt Collection Practices Act, this Court infers that Plaintiff was asserting such a claim and will address this claim below.

Defendant's Motion to Dismiss puts forth three arguments for dismissal of the Amended Complaint. First, Defendant argues that Plaintiff's Complaint improperly seeks relief that will already be provided to Plaintiff in the ordinary course of his bankruptcy – a discharge of his debts. Second, Defendant argues that the doctrine of res judicata bars Plaintiff's challenges to the Superior Court Ruling, Foreclosure Judgment and the Court of Appeals' affirmation of the Superior Court's orders. Third, Defendant assumes that

4

Plaintiff is attempting to avoid Defendant's lien on the Property and argues that this relief is not available under the Bankruptcy Code or applicable case law. Although the Motion to Dismiss does not directly address Plaintiff's Fair Debt Collection Practices Act claim, the Court infers that Defendant's argument for dismissal included dismissal of Plaintiff's Fair Debt Collection Practices Act claim.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 157(b)(2)(A). Plaintiff also consented to this Court's jurisdiction by virtue of filing the Complaint. Defendant voluntarily consented to this Court's jurisdiction by failing to include a statement to the contrary in their responsive pleading.[18]

## III. Issues

A. Does res judicata prevent Plaintiff from relitigating Defendant's claims that serve the as the basis for the Foreclosure Judgment?

B. Does the *Rooker-Feldman* doctrine preclude this Court from altering the Superior Court Ruling or Foreclosure Judgment?

C. Will Plaintiff's bankruptcy discharge avoid, eliminate, or expunge Defendant's lien against the Property?

## IV. LEGAL ANALYSIS

### A. Res Judicata

Defendant's Motion to Dismiss contends that Plaintiff's Amended Complaint must be dismissed because the principles of res judicata require that this Court honor the Superior Court Ruling and Foreclosure Judgment. Res judicata[19] refers to the preclusive

---

[18] See Local Rule 7012-1 ("In an adversary proceeding, and within the time set forth in FRBP 7012(a), a responsive pleading must include a statement that the party does or does not consent to entry of final orders or judgment by the Court. The absence of such a statement will be deemed voluntary consent to the authority of the Court to enter final orders or judgments.")

[19] Arizona courts use the more modern term "claim preclusion" instead of res judicata. *See Circle K. Corp. v. Indus. Comm'n*, 179 Ariz. 422, 425 (App. 1993).

5

Case 2:20-ap-00045-DPC    Doc 43    Filed 05/26/20    Entered 05/26/20 12:33:01    Desc
Main Document    Page 5 of 11

effect of a prior judgment and prevents successive litigation on the same claim already litigated and resolved with a prior judgment.[20] Res judicata prevents the expense and vexation attending multiple lawsuits, conserves judicial resources and minimizes the possibility of inconsistent decisions.[21] "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute."[22] The full faith and credit statute provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States…as they have by law or usage in the courts of such State…from which they are taken."[23] The full faith and credit statute requires a federal court to accept the rules chosen by the State from which the judgment was entered.[24]

Arizona courts define claim preclusion to mean "a final judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same claim."[25] Claim preclusion requires "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation and (3) identity or privity between parties in the two suits."[26]

Here, the first element of claim preclusion is satisfied. Plaintiff is attempting to relitigate matters already decided in the Superior Court and rendered final by virtue of the Arizona Court of Appeals decision affirming the Superior Court Ruling and Foreclosure Judgment.[27] Plaintiff attempts to relitigate the basis for the Superior Court's Foreclosure Judgment by arguing that the original HOA assessment against the Property was not validated by Defendant. Plaintiff argues that he never owed an assessment and therefore the resulting Foreclosure Judgment is invalid. Plaintiff's claim in the Superior Court and

---

[20] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).
[21] *Montana v. United States*, 440 U.S. 147, 153-54 (1979).
[22] *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).
[23] *Id.* (citing 28 U.S.C. § 1738).
[24] *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-82 (1982).
[25] *Dressler v. Morrison*, 212 Ariz. 279, 282 (2006).
[26] *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69-70 (2006).
[27] Plaintiff seems to concede the point when he states, "[t]he role of the bankruptcy court is not to determine if the Superior Court judge's ruling was proper or improper, but to determine what debts are owed, or are not owed, by a debtor." DE 10 at page 4, lines 2-5 and page 7, lines 16-19.

in his appeal to the Arizona Court of Appeals is the very same claim brought before this Court. The validity of the original assessment and the resulting foreclosure action were already adjudicated by the Superior Court.

The second element of claim preclusion is also satisfied. The Superior Court Ruling and Foreclosure Judgment were final judgments on the merits. Plaintiff had every opportunity to raise the arguments he is attempting to raise before this Court to the Superior Court. Plaintiff fully availed himself of these opportunities. The Superior Court considered Plaintiff's arguments, issued the very thorough Superior Court Ruling and the corresponding Foreclosure Judgment. Plaintiff similarly had every opportunity to raise the arguments before the Arizona Court of Appeals and again took full advantage of these opportunities. The Arizona Court of Appeals issued a thorough order affirming both the Superior Court Ruling and Foreclosure Judgment. Defendant's counsel advised this Court that Plaintiff's petition for appeal was denied by the Arizona Supreme Court. The Superior Court Ruling and the Foreclosure Judgment are no longer subject to appeal and are final judgments on the merits.

Finally, the third element of claim preclusion is satisfied. The parties in the Superior Court are identical to the parties before this Court. Plaintiff is Robert Allen Wollner and Defendant is the homeowner's association Spanish Hills Condominium Association.

This Court finds that Plaintiff's Amended Complaint must be dismissed under the doctrine of claim preclusion. In this Court, Plaintiff is asserting the same claims which were already adjudicated to a final judgment by the Superior Court and Court of Appeals in litigation involving the very same parties before this Court.

### B. Rooker-Feldman

The *Rooker-Feldman* doctrine dictates that the United States Supreme Court is the only federal court with the authority to review an issue previously determined by a state

court in an action involving the same parties.[28] "Briefly stated, the *Rooker-Feldman* doctrine bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"[29] The doctrine "is confined to…cases brought by state-court losers complaining of injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[30]

Even if claim preclusion does not justify dismissing Plaintiff's Complaint, the *Rooker-Feldman* doctrine provides basis for dismissing the Adversary Proceeding. Plaintiff is attempting to appeal a state-court judgment to this bankruptcy court on the basis that the Superior Court Ruling and Foreclosure Judgment violate the Fair Debt Collection Practices Act and/or provisions of the Bankruptcy Code. Plaintiff also asserts that a federal bankruptcy court is the proper court to determine the validity of debts. Both of these arguments are Plaintiff's attempt to improperly appeal the Superior Court's Ruling and Foreclosure Judgment to a federal court. Plaintiff's filings amount to an argument that his federal rights, either by virtue of the Fair Debt Collection Practices Act or the Bankruptcy Code, were violated by the Superior Court's Ruling and Foreclosure Judgment. This is exactly what the *Rooker-Feldman* doctrine determines to be an inappropriate appellate review of a state-court judgment.

This Court finds that Plaintiff's Complaint is dismissed by application of the *Rooker-Feldman* doctrine. The proper venue for appellate review of a state-court judgment is that state's appellate courts. Plaintiff has already exhausted his rights to appellate review of the Superior Court Ruling and Foreclosure Judgment and the appropriate appellate courts in Arizona affirmed the Superior Court or declined review.

---

[28] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).
[29] *In re Harbin*, 486 F.3d 510, 519 (9th Cir. 2007) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).
[30] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

C. <u>Discharge of Lien Claim (or Avoidance of Defendant's Lien)</u>

Two theories were raised in this Adversary Proceeding that were not raised in the Superior Court. One is Plaintiff's argument that, if the original HOA assessment is discharged in this bankruptcy, then the resulting Foreclosure Judgment is invalid. Plaintiff argues "[w]hen there is a dispute between the parities (*sic*), the debtor and the creditor, over if the debt is owed or not, the bankruptcy Court judge will hear the case and determine if the debt is owed or not owed by the debtor."[31] Although Plaintiff never expressly argues that the Foreclosure Judgment and resulting lien against his Property can be avoided, this Court considered the relief sought as an expression of this argument. This argument must be dismissed for two reasons. First, Plaintiff has not yet received a discharge in this bankruptcy so his claim is not yet ripe for disposition and, therefore, must be dismissed. More importantly, if and when Plaintiff does receive a chapter 7 discharge,[32] that discharge will not avoid Defendant's lien against the Property.

Liens similar to the one held by Defendant in this case have previously been determined to be statutory liens as defined in § 101(53).[33] In *In re Reece*, the court explained that liens arising under A.R.S. § 33-1256 are fundamentally statutory liens despite the fact that subsequent judicial action was taken to enforce the lien.[34] The court held that the association's statutory lien was not subject to avoidance under § 522(f). Under § 522(f) a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien…"[35] Defendant's lien against Plaintiff's Property is a statutory lien and not the type of lien that is subject to avoidance under § 522(f).

---

[31] Plaintiff goes on to incorrectly state, "[i]f not owed the Court will discharge the debt." This is a misunderstanding of the claim objection and discharge process. Moreover, this Court notes that if a debt is not owed, there is no debt to discharge.

[32] Neither Defendant nor any other creditor has objected to Plaintiff's discharge or the dischargeability of his debts. The time to object is June 22, 2020.

[33] *In re Reece*, 274 B.R. 515 (Bankr. D. Ariz. 2001).

[34] *Id.* at 519.

[35] 11 U.S.C. § 522(f)(1)(A).

9

1   Defendant's claim will presumably be discharged in Plaintiff's bankruptcy but its
2   lien against the Property will not be avoided, eliminated, or expunged.[36] Plaintiff is simply
3   mistaken as to the effect of the discharge as it pertains to Defendant's lien against the
4   Property. The Supreme Court held that a chapter 7 discharge extinguishes only "the
5   personal liability of the debtor[,]" and that the bankruptcy code provides that a creditor's
6   right to foreclose on a secured interest survives or passes through the bankruptcy.[37] For
7   this reason, Plaintiff's claim concerning the effect of the bankruptcy discharge on the
8   Defendant's lien must be dismissed.

9   The second theory asserted by Plaintiff that was not raised in the Superior Court
10  was Plaintiff's claim under the Fair Debt Collection Practices Act. First, Plaintiff's
11  argument that the Fair Debt Collection Practices Act requires a creditor to validate the
12  debt fails because the Defendant already validated the debt in Superior Court. Plaintiff's
13  challenge of Defendant's claim is barred under either res judicata or the *Rooker-Feldman*
14  doctrine. No further verification is required. Second, Plaintiff's argument that Defendant
15  violated the Fair Debt Collection Practices Act by adding on fees and charges also fails.
16  This Court may not alter the amounts awarded by both the Superior Court and Arizona
17  Court of Appeals.[38]

### D. CONCLUSION

The Court grants Defendant's Motion to Dismiss under the doctrine of claim preclusion or, alternatively, under the *Rooker-Feldman* doctrine. Moreover, to the extent Plaintiff claims his bankruptcy discharge will eliminate Defendant's lien on the Property, he is incorrect and such claim must be dismissed. Finally, to the extent that Plaintiff asserted claims under the Fair Debt Collection Practices Act, these claims must be

---

[36] *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002) held that the modification of a claim secured only by a security interest in real property that is the debtor's principal residence is only possible under 11 U.S.C. § 1322(b)(2) when the secured creditor is wholly unsecured. Here, Defendant's lien is the only lien on the Property and is for an amount less than the value of the Property. See also 11 U.S.C. § 524 Effect of Discharge.
[37] *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (citing 11 U.S.C. § 524(a)(1) and 11 U.S.C. § 522(c)(2)).
[38] Plaintiff seems to concede this point, see footnote 27.

1 dismissed under the doctrine of claim preclusion or, alternatively, under the *Rooker-*
2 *Feldman* doctrine.
3       **DATED AND SIGNED ABOVE.**